UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY GLEN ULLOM,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>GLEN ARMSTRONG,<br><br>　　　　　　Respondent. | Case No. 2:23-CV-00473-DKG<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Terry Glen Ullom (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 6. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73

　　　　Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

**INITIAL REVIEW ORDER - 1**

court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that it is appropriate to stay this matter pending resolution of Petitioner's related state court post-conviction action.

## REVIEW OF PETITION

1. **Background**

Petitioner was convicted by jury of domestic battery and attempted strangulation in a criminal case in the First Judicial District Court in Shoshone County, Idaho.  On October 28, 2021, he was sentenced to a term of imprisonment of 5 years fixed, with 10 years indeterminate. He filed a direct appeal. The Idaho Court of Appeals affirmed the judgment of conviction and the Idaho Supreme Court denied the petition for review on August 2, 2023. Dkt. 1, p. 2. He filed a post-conviction action in state court on or about October 20, 2023, which is still pending. *Id*.

2. **Discussion**

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court

**INITIAL REVIEW ORDER - 2**

remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims without the petitioner meeting a difficult standard to show that an exception to that rule applies.

Petitioner brings several cognizable claims in his Petition for Writ of Habeas Corpus. Dkt. 1. Because Petitioner has a state court action pending related to the same convictions at issue here, it appears appropriate for the Court to stay this action until his final state court action is completed. If he obtains relief in state court, he can voluntarily dismiss this action.

Federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying the case preserves the original filing date of the claims asserted in the original petition for statute of limitations purposes.

In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient

**INITIAL REVIEW ORDER - 3**

evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for a petitioner who plans to amend his federal petition with newly-exhausted claims raised in a successive state post-conviction action is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). If a petitioner files in state court an untimely post-conviction action or one that is procedurally improper for another reason, then that action cannot toll the federal statute. But, unfortunately, petitioners usually do not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims they had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A second important federal statute of limitations consideration is that habeas corpus amendments (which means adding claims to the petition) made after the statute of limitations has expired relate back to the date of the original pleading *only* if the original

**INITIAL REVIEW ORDER - 4**

and the amended pleadings "ar[i]se out of the conduct, transaction, or occurrence. Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Federal Rule of Civil Procedure 15 (governing amendment in civil cases) is applied in conjunction with the "more demanding" Rule 2(c) of the Rules Governing Section 2254 Cases, the words "same conduct, transaction, or occurrence" do not mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." (*Id.*) For these reasons, it is often a safer route for petitioners to file their amended petition at the time the stay is requested, rather than at the time the successive post-conviction action is completed.

      Finding that good cause exists from the face of the Petition, the Court will exercise its discretion to stay this case pending completion of Petitioner's state post-conviction matter. Petitioner brings cognizable constitutional claims, he has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court. If Petitioner has additional claims in his pending post-conviction matter that are not asserted in this federal petition, he may file an amended petition now to include those claims.

      Within 30 days after Petitioner's currently-pending state court action is completed, he must file a motion to re-open this case if he desires to proceed.

**INITIAL REVIEW ORDER - 5**

## ORDER

**IT IS ORDERED:**

1. This action is stayed pending completion of Petitioner's state court post-conviction matter and final appeal, including a petition for review to the Idaho Supreme Court of any opinion of the Idaho Court of Appeals.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice to Petitioner filing an application to proceed in forma pauperis (if he so qualifies) when his case is re-opened. If Petitioner has not paid the filing fee of $5, he should do so within 14 days after entry of this Order.

3. Within **30 days** after Petitioner's last state court action is completed, he must file a motion to re-open this case. Other than an amended petition, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

DATED: January 22, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

INITIAL REVIEW ORDER - 6